T.C. Memo. 2003-203


UNITED STATES TAX COURT


MARK A. MEHNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5286-02.              Filed July 10, 2003.


Mark A. Mehner, pro se.

Albert B. Kerkhove, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Petitioner petitioned the Court to redetermine

respondent's determination of a $38,360 deficiency in

petitioner's 1997 Federal income tax and additions thereto of

$6,023, $5,622, and $1,363 under sections 6651(a)(1) and (2) and

6654, respectively.[1]  After concessions by respondent,[2] we decide:

(1)  Whether petitioner's gross income includes nonemployee compensation of $82,500 from Integrated Business Nonemployee Strategies, Inc., wages of $53,092 from ACI, Inc., and interest of $130 from various financial institutions (collectively, unreported amounts).  We hold it does;

(2)  whether petitioner is liable for self-employment tax of $3,735.  We hold he is;

(3)  whether petitioner is entitled to itemized deductions exceeding the standard deduction allowed by respondent.  We hold he is not;

(4)  whether petitioner is entitled to dependency exemptions exceeding those allowed by respondent.  We hold he is not;

(5)  whether petitioner is liable for the additions to tax determined by respondent under sections 6651(a)(1) and 6654.  We hold he is.

---

[1] Section references are to the applicable versions of the Internal Revenue Code, Rule references are to the Tax Court Rules of Practice and Procedure, and dollar amounts are rounded.

[2] Respondent conceded that:  (1) Petitioner is not liable for the addition to tax of $5,022 under sec. 6651(a)(2); and (2) petitioner is entitled to additional dependency exemptions for his wife and two children.

FINDINGS OF FACT

Some facts were stipulated. The parties' stipulation of facts and the exhibits submitted therewith are incorporated herein by this reference. We find the stipulated facts accordingly. Petitioner resided in Omaha, Nebraska, when his petition was filed.

Respondent's records contained no information on petitioner's having filed a 1997 Federal income tax return. Respondent prepared a substitute for return for that year. On November 30, 2001, respondent issued to petitioner a notice of deficiency on the basis of the substitute for return.

Petitioner received the following items of income during 1997:

| Payor | Amount | Type |
|-------|--------|------|
| Integrated Business Strategies, Inc. | $82,500 | Nonemployee compensation |
| ACI, Inc. | 53,092 | Wages |
| First Deposit National Bank | 19 | Interest |
| First Bank, N.A. | 47 | Interest |
| First Bank, N.A. | 50 | Interest |
| Capital One, F.S.B. | 14 | Interest |

OPINION

Petitioner asserts that he timely filed his 1997 Federal income tax return, but that it was either lost by the Internal Revenue Service or misplaced by the U.S. Postal Service. On the basis of this assertion, petitioner concludes that respondent erred in the notice of deficiency in that he determined petitioner's tax liability for 1997 "in lieu of the timely filed original tax return" and did not give petitioner "full credit for any allowable deductions under Schedule C." Petitioner did not present at trial a copy of his 1997 income tax return that he purportedly mailed to respondent, a proof of its mailing, or evidence as to his entitlement to any deductions not allowed by respondent in the notice of deficiency.

A. Burden of Proof

The parties agree that the burden of proof as to the deficiency is on petitioner. Respondent bears the burden of production as to the additions to tax. See sec. 7491(c). In order to meet his burden of production, respondent must present evidence indicating that it is appropriate to impose an addition to tax. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). The burden of proof remains with petitioner in that once respondent comes forward with sufficient evidence that the relevant penalties or additions to tax are appropriate, petitioner must come forward with evidence sufficient to persuade

the Court that respondent's determination is incorrect.  Id. at 446-447.

B.    Unreported Amounts

The definition of gross income under section 61(a) broadly encompasses any accession to a taxpayer's wealth.  United States v. Burke, 504 U.S. 229 (1992); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955).  Compensation for services and interest are specifically included within that definition.  Sec. 61(a)(1), (4).  We conclude that the unreported amounts are includable in petitioner's gross income and are taxable as such.

C.    Self-Employment Tax

Section 1401 imposes a tax on the self-employment income of every individual for old age, survivors, and disability insurance, and hospital insurance.  Sec. 1401(a) and (b); Schelble v. Commissioner, 130 F.3d 1388, 1391 (10th Cir. 1997), affg. T.C. Memo. 1996-269; sec. 1.1401-1(a), Income Tax Regs. Self-employment income includes the net earnings from self-employment derived by an individual during the taxable year. Sec. 1402(b).  In this context, the term "net earnings from self-employment" denotes the gross income derived by an individual from any trade or business carried on by the individual, reduced by, inter alia, the deductions attributable to the trade or business.  Sec. 1402(a); sec. 1.1402(a)-1, Income Tax Regs.

In that petitioner received his nonemployee compensation from Integrated Business Strategies, Inc., in his capacity as a nonemployee, we sustain respondent's determination that petitioner is liable for self-employment tax on those earnings.

D.  Deductions/Exemptions

Taxpayers are required to keep sufficient records to enable the Commissioner to determine their correct tax liability.  Sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1, Income Tax Regs.  The record before us does not contain any documents which would substantiate the allowance of any deductions and/or exemptions not allowed by respondent.  We sustain respondent's determination as to this issue.

E.  Additions to Tax

1.  Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for failing to file timely a required Federal income tax return, unless it is shown that the failure was due to reasonable cause and not due to willful neglect.  Petitioner was required to file a Federal income tax return for 1997.  Secs. 6012, 6072.[3]

Respondent met his burden of production in that respondent introduced (and the Court admitted) into evidence a Form 4340, Certificate of Assessments, Payments and Other Specified Matters,

---

[3] The minimum amount exception under sec. 6012(a)(1)(A)(i) does not apply to petitioner, as petitioner's income exceeded the minimum amount.

and the testimony of the revenue agent who audited petitioner, both to the effect that respondent's records do not indicate that respondent has ever received a Federal income tax return from petitioner for the subject year. Petitioner, in turn, has failed to meet his burden of proof. Petitioner has never presented any credible evidence indicating that he filed a 1997 tax return, nor has he established that his failure to file the return was on account of cause that is reasonable. We hold that petitioner is liable for the addition to tax under section 6651(a)(1). See United States v. Boyle, 469 U.S. 241, 245 (1985); Cluck v. Commissioner, 105 T.C. 324, 338-339 (1995).

2. Section 6654(a)

Section 6654 imposes an addition to tax on an underpayment of estimated tax. This addition to tax is mandatory unless the taxpayer establishes that one of the exceptions listed in section 6654(e) applies. Recklitis v. Commissioner, 91 T.C. 874, 913 (1988).

The record establishes that petitioner failed to pay the required amount of estimated tax for 1997. We conclude that respondent has met his burden of production as to this issue. Given that the record does not establish that any of the referenced exceptions applies, we conclude that petitioner has failed to meet his burden of proof and sustain respondent's

determination as to this issue.  See <u>Motley v. Commissioner</u>, T.C. Memo. 2001-257.

We have considered all arguments and have found those arguments not discussed herein to be irrelevant and/or without merit.  To reflect respondent's concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.