T.C. Memo. 2005-258

UNITED STATES TAX COURT

JOYCE M. THOMAS, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10824-03.                  Filed November 1, 2005.

Joyce M. Thomas, pro se.

Andrew R. Moore, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, Judge:  Respondent determined the following
deficiencies and additions to tax in petitioner's Federal income
taxes:[1]

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.  All
                                        (continued...)

| Year | Deficiency | Sec. 6651(a)(1) Additions to tax | Sec. 6654(a) Additions to tax |
| --- | --- | --- | --- |
| 1998 | $14,664 | $791 | -- |
| 1999 | 49,065 | 7,471 | $1,343 |
| 2000 | 31,403 | 5,785 | 1,187 |

After concessions,[2] the issues for decision are: (1) Whether petitioner is liable for a 10-percent additional tax under section 72(t)(1) on distributions made from her individual retirement accounts (IRAs) in 1999 and 2000; (2) whether petitioner is liable for additions to tax under section 6651(a)(1) for failure to timely file her Federal income tax returns for 1998, 1999, and 2000 (years in issue); and (3) whether petitioner is liable for additions to tax under section 6654(a) for failure to pay estimated income tax for 1999 and 2000.

                    FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time she filed the petition, petitioner resided in Milpitas, California.

Petitioner was born in 1958. At some point during 1992 or

---

[1](...continued)
amounts are rounded to the nearest dollar.

[2] In the stipulation of facts, the parties agreed to the amount of income received by petitioner and the deductions petitioner is entitled to for 1998, 1999, and 2000.

1993, petitioner began suffering from bilateral tendinitis and carpal tunnel syndrome. Her carpal tunnel symptoms were minimal, and surgery was not recommended for either condition. Petitioner also suffered from periods of depression.

During the years in issue, petitioner was employed by Cypress Semiconductor Corporation (Cypress) to lay out computer chips. Petitioner also operated her own startup network marketing business.

At some point during 2000, Cypress transferred petitioner to another job because her bilateral tendinitis and carpal tunnel syndrome were aggravated by her chip-laying duties. Petitioner was unable to perform her new duties and was transferred back to her former job. During 2000 or 2001, petitioner's medical conditions limited her to working only 4 hours a day.

Petitioner owned several IRAs but became unhappy with the rate of return from investments held in those accounts. In 1999 and 2000, petitioner received distributions from her IRAs totaling $57,138 and reinvested the funds in non-IRA investments.[3]

Petitioner did not file Federal income tax returns for the

---

[3] During 1999, petitioner received a distribution of $4,992 from her Aim Family of Funds, Aim Balanced Fund B IRA. During 2000, she received the following distributions: (1) $14,518 from the Aim Constellation Fund A; (2) $14,871 from the Aim Value Fund B; (3) $6,348 from the Aim Balanced Fund B; and (4) $16,409 from the Aim Weingarten Fund A.

years in issue. Instead, petitioner testified that she filed "tax statements", but she could not recall when she filed the statements or the nature of those statements. In addition, petitioner made no estimated tax payments during 1999 or 2000.

On April 8, 2002, respondent prepared substitutes for returns for petitioner for the years in issue. On April 9, 2003, respondent sent petitioner notices of deficiency for the years in issue. Respondent determined that petitioner was liable for additional taxes of $499 and $5,215 for early distributions from her IRAs for 1999 and 2000, respectively. Respondent also determined that petitioner was liable for additions to tax under sections 6651(a)(1) and 6654(a), as set out above.

In response to the notices of deficiency, petitioner filed a petition with this Court on July 7, 2003.

OPINION

A. Petitioner Is Liable for a 10-Percent Additional Tax Under Section 72(t)(1)

Respondent determined that, under section 72(t)(1), petitioner is liable for a 10-percent additional tax on early distributions from her IRAs in 1999 and 2000. Petitioner bears the burden of proving that respondent erred in making this determination. Rule 142(a).

Section 72(t)(1) imposes a 10-percent additional tax on early distributions from qualified retirement plans. Qualified

retirement plans are defined to include IRAs as defined in section 408(a) and (b). Secs. 72(t)(1), 4974(c). There is no dispute as to whether petitioner's IRAs are "qualified retirement plans" for purposes of section 72(t).

The 10-percent additional tax does not apply to certain distributions from qualified retirement plans, including distributions made after an employee attains age 59½ and distributions attributable to the employee's disability. Sec. 72(t)(2)(A)(i), (iii); see sec. 72(t)(2). For purposes of section 72, an employee is disabled if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical condition or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." Sec. 72(m)(7).

Petitioner was born in 1958. The distributions from her IRAs were made in 1999 and 2000. Because petitioner had not attained the age of 59½ at the time of the distributions, the exception found in section 72(t)(2)(A)(i) does not apply.

During 1999 and 2000, petitioner was employed by Cypress and was running her own startup network marketing business. Although petitioner testified that the condition of her health slowed her down and forced her to switch from full-time to part-time work during 2000, petitioner was still able to engage in substantially gainful activity. See sec. 72(m)(7). Because petitioner was not

disabled within the meaning of section 72(m)(7), we find that the exception in section 72(t)(2)(A)(iii) does not apply. See <u>Dwyer v. Commissioner</u>, 106 T.C. 337 (1996); cf. <u>Brown v. Commissioner</u>, T.C. Memo. 1996-421.

Petitioner has not argued, and the record is devoid of any evidence which would indicate, that petitioner is qualified for any other exception to section 72(t)(1). For the foregoing reasons, we hold that petitioner is liable for a 10-percent additional tax on the early distributions from her IRAs.

B.   <u>Additions to Tax Under Sections 6651(a)(1) and 6654(a)</u>

   1.   <u>Respondent Bears the Burden of Production</u>

Respondent determined that petitioner is liable for additions to tax under section 6651(a)(1) for failure to file income tax returns for the years in issue. Respondent also determined that petitioner is liable for additions to tax under section 6654(a) for failure to make estimated tax payments on income realized from the IRA distributions in 1999 and 2000. Respondent bears the burden of production with respect to petitioner's liability for the additions to tax. Sec. 7491(c); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001). To meet his burden of production, respondent must come forward with sufficient evidence indicating that it is appropriate to impose the additions to tax. <u>Higbee v. Commissioner</u>, <u>supra</u> at 446-447. Once respondent meets his burden of production, petitioner must

come forward with evidence sufficient to persuade the Court that respondent's determination is incorrect.  Id.

2.    Petitioner Is Liable for Section 6651(a)(1) Additions to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless petitioner can establish that such failure is due to reasonable cause and not due to willful neglect.  Respondent submitted and the Court received into evidence Forms 4340, Certificates of Assessments, Payments, and Other Specified Matters (respondent's Forms 4340), applicable to petitioner for the years in issue.  Respondent's Forms 4340 indicate that petitioner did not file income tax returns for the years in issue, which petitioner confirmed in her testimony at trial.  We find that respondent has met his burden of production.

To show reasonable cause, petitioner must show that she "exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time".  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  For illness or incapacity to constitute reasonable cause, petitioner must show that she was incapacitated to such a degree that she could not file her returns. Williams v. Commissioner, 16 T.C. 893, 905-906 (1951); see, e.g., Joseph v. Commissioner, T.C.

Memo. 2003-19 ("Illness or incapacity may constitute reasonable cause if the taxpayer establishes that he was so ill he was unable to file."); Black v. Commissioner, T.C. Memo. 2002-307, affd. 94 Fed. Appx. 968 (3d Cir. 2004); Watts v. Commissioner, T.C. Memo. 1999-416 ("taxpayer's selective inability to perform his or her tax obligations, while performing * * * regular business, does not excuse failure to file").

Although petitioner suffered from bilateral tendinitis, carpal tunnel syndrome, and periods of depression, she was constantly employed by Cypress and was running her own startup network marketing business during the years in issue. In addition, petitioner testified that she was able to file "tax statements" for the years in issue. For these reasons, we find that petitioner was not incapacitated to such a degree that she could not file her tax returns.

Petitioner has not raised other arguments that would suggest her failure to file was due to reasonable cause. Petitioner has failed to show that she exercised ordinary business care and prudence, but she was nevertheless unable to file her returns. We find that petitioner did not have reasonable cause for her failure to file. Therefore, we hold that petitioner is liable for section 6651(a)(1) additions to tax for the years in issue.

3.  Petitioner Is Liable for Section 6654(a) Additions to Tax

Section 6654(a) imposes an addition to tax on an underpayment of estimated tax unless one of the statutory exceptions applies.  Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980); see sec. 6654(e).  Respondent's Forms 4340 indicate that petitioner did not make estimated tax payments in 1999 or 2000, which petitioner confirmed in her testimony at trial.  We find that respondent has met his burden of production.

Under section 6654(e)(3)(B), the addition to tax will not be imposed where the taxpayer becomes disabled in the taxable year for which the estimated payments were required to be made or in the preceding taxable year, and the underpayment is due to reasonable cause and not due to willful neglect.

Petitioner was suffering from bilateral tendinitis, carpal tunnel syndrome, and depression at the time the estimated payments were required to be made.  However, during this period, petitioner was employed by Cypress and was running her own startup network marketing business.  We find that petitioner was not disabled for purposes of section 6654.  Therefore, the exception found in section 6654(e)(3)(B) does not apply.

We do not find that any other statutory exception applies.  Therefore, we hold that petitioner is liable for additions to tax under section 6654(a) for 1999 and 2000.

Summary

For the above-stated reasons, we hold that petitioner is liable for:  (1) A 10-percent additional tax under section 72(t)(1) on her IRA distributions; (2) section 6651(a)(1) additions to tax for all years in issue; and (3) section 6654(a) additions to tax for 1999 and 2000.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.
