T.C. Summary Opinion 2007-101


UNITED STATES TAX COURT


STEVEN A. DYKES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6488-06S.               Filed June 20, 2007.


Steven A. Dykes, pro se.

<u>Erin K. Salel</u>, for respondent.


DEAN, <u>Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined for 2003 a deficiency in petitioner's Federal income tax of $3,909. The issue for decision is whether a qualified retirement plan distribution was attributable to petitioner's being "disabled" within the meaning of section 72(m)(7), thereby excepting him from liability for the section 72(t) 10-percent additional tax.

## Background

The stipulated facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Yuma, Arizona.

During the year in issue, petitioner was a detention officer at Grays Harbor County Juvenile Court Services in the State of Washington. Petitioner had been a detention officer for 17 years.

In the early 1990s, petitioner suffered an illness characterized by profound fatigue which was later diagnosed as hepatitis C. Petitioner received medical treatment, and his medical report noted that he "did well for a number of years with excellent physical reserve and stamina."

At the end of 2002, petitioner began to develop some fatigue, and he requested a medical evaluation. Dr. William Mitchell, petitioner's physician, determined that petitioner had an apparent viral recurrence of hepatitis C. From approximately March to August of 2003, petitioner received medication to treat

his illness.  In September of 2003, petitioner quitted his job and moved to Arizona.

The State of Washington's Public Employees' Retirement System filed with respondent a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reporting that petitioner received an early distribution of $39,087.10 in 2003 (distribution).  At the time, petitioner was 50 years old.

Petitioner filed for 2003, a Form 1040, U.S. Individual Income Tax Return, reporting the distribution as income. Respondent subsequently issued to petitioner a statutory notice of deficiency for 2003, determining that petitioner is liable for an additional tax of $3,909 for an early distribution from his retirement plan.

## Discussion

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise.[1]  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Respondent determined that, under section 72(t)(1), petitioner is liable for a 10-percent additional tax on an early distribution from his retirement plan.  Petitioner disputes respondent's determination, contending that he is not liable for

---

[1]Since this case is decided by applying the law to the undisputed facts, sec. 7491 is inapplicable.

the additional tax because he became disabled during 2003. Petitioner claims that the distribution was used to cover both daily living costs and medical costs.

Section 72(t)(1) generally imposes a 10-percent additional tax on premature distributions from "a qualified retirement plan (as defined in section 4974(c))", unless the distributions come within one of the statutory exceptions under section 72(t)(2).

The legislative purpose underlying the section 72(t) tax is that "'premature distributions from IRAs frustrate the intention of saving for retirement, and section 72(t) discourages this from happening.'" Arnold v. Commissioner, 111 T.C. 250, 255 (1998) (quoting Dwyer v. Commissioner, 106 T.C. 337, 340 (1996)); S. Rept. 93-383, at 134 (1973), 1974-3 C.B. (Supp.) 80, 213.

Section 72(t)(2)(A)(iii) provides an exception for distributions "attributable to the employee's being disabled within the meaning of subsection (m)(7)". Section 72(m)(7) provides:

> (7) Meaning of disabled.--For purposes of this section, an individual shall be considered to be disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. An individual shall not be considered to be disabled unless he furnishes proof of the existence thereof in such form and manner as the Secretary may require.

The determination of whether a taxpayer is disabled is made with reference to all the facts of the case. Sec. 1.72-

17A(f)(2), Income Tax Regs. The regulations also set forth general considerations upon which a determination of disability is to be made, such as the nature and severity of the impairment. Sec. 1.72-17A(f)(1), Income Tax Regs. However, the regulations emphasize that the "substantial gainful activity" to which section 72(m)(7) refers is the activity, or a comparable activity, in which the individual customarily engaged before the disability. Id. Therefore, the impairment must be evaluated in terms of whether it does, in fact, prevent the individual from engaging in his customary, or any comparable, substantial gainful activity considering the individual's education, training, and work experience.

According to Dr. Mitchell's medical reports, petitioner experienced fatigue as a result of his illness. Nevertheless, petitioner was able to continue working. In order to treat the fatigue, petitioner was prescribed a medication called Ritalin. Dr. Mitchell noted on petitioner's subsequent visits that Ritalin had made a significant difference in petitioner's work performance and that petitioner was having less problems with fatigue and attention.

Petitioner's illness, however, ultimately prompted him to switch to a graveyard shift which had a lighter workload. See Thomas v. Commissioner, T.C. Memo. 2005-258 (holding that the taxpayer was still able to engage in substantially gainful

activity even though she was forced to switch from full-time to part-time). Dr. Mitchell's medical reports indicate that petitioner was not so impaired as to be unable to engage in any substantial gainful activity during 2003. See Dwyer v. Commissioner, supra at 341 (holding that the taxpayer was not "disabled" within the meaning of section 72(m) because the taxpayer continued to function in his customary activity despite facing clinical depression).

Petitioner claims that, contrary to Dr. Mitchell's reports, he did not work from March to July of 2003 because of his illness. At trial, petitioner presented as evidence a letter that was handwritten on a plain piece of paper from a Thomas Morgan. Morgan allegedly was a former Director of Detention services at Grays Harbor County Juvenile Court. Morgan stated in the letter that petitioner took a leave of absence from his job as a detention officer from approximately mid-March to the end of July of 2003 because of a "major medical problem". The Court finds that the letter, by itself and without more, is of little probative value.

Even if it is true that petitioner did not work while he received treatment for hepatitis C in 2003, i.e., he did not engage in substantial gainful activity, he must still show that his illness was expected to continue for a long and indefinite period to satisfy the meaning of "disabled" under section

72(m)(7). Sec. 1.72-17A(f)(3), Income Tax Regs. The term "indefinite" means that it cannot reasonably be anticipated that the impairment will, in the foreseeable future, be so diminished as no longer to prevent substantial gainful activity. Id.

Petitioner testified at trial that he has recovered from his illness and that he feels fine now. Petitioner's illness, therefore, is not indefinite.

Petitioner argues that he was disabled during 2003. He claims that hepatitis C is "indefinite" in the sense that it is an incurable and permanent disease. Although petitioner's hepatitis C is permanent, this condition is remediable through medication. The regulations provide that an impairment which is remediable does not constitute a disability within the meaning of section 72(m)(7). Sec. 1.72-17A(f)(4), Income Tax Regs. Section 1.72-17A(f)(4), Income Tax Regs., further provides that:

> An individual will not be deemed disabled if, with reasonable effort and safety to himself, the impairment can be diminished to the extent that the individual will not be prevented by the impairment from engaging in his customary or any comparable substantial gainful activity.

Petitioner's illness is not a disability within the meaning of section 72(m)(7) because it is remediable and is not indefinite. Petitioner has not argued, and the record is devoid of any evidence which would indicate, that petitioner is qualified for any other exception to section 72(t)(1).

Petitioner therefore is not eligible for the disability exception under section 72(t)(2)(A)(iii).

Accordingly, the distribution is subject to the 10-percent additional tax under section 72(t).

<u>Decision will be entered for respondent</u>.