T.C. Summary Opinion 2011-6

UNITED STATES TAX COURT

DAVID H. PUSHMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 491-09S.                    Filed January 25, 2011.

David H. Pushman, pro se.

<u>Anna A. Long</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies and additions to tax with respect to petitioner's Federal income tax for 2004, 2005, and 2006. After concessions,[1] the issues for decision are: (1) Whether petitioner is liable for additions to tax under section 6651(a)(1) for failure to timely file Federal income tax returns for 2004, 2005, and 2006; (2) whether petitioner is liable for additions to tax under section 6651(a)(2) for failure to timely

_____

[1]On Sept. 29, 2008, respondent issued notices of deficiency to petitioner for taxable years 2004, 2005, and 2006 determining deficiencies and additions to tax as follows:

|      |            | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
|------|------------|-----------------|-----------------|--------------|
| 2004 | $2,838     | $638.55         | $553.41         | -0-          |
| 2005 | 33,293     | 7,490.92        | 4,494.55        | $1,335.45    |
| 2006 | 11,210     | 1,529.32        | 509.77          | 298.44       |

The parties agree that there are deficiencies in petitioner's Federal income tax as follows:

| Year | Deficiency |
|------|------------|
| 2004 | $199       |
| 2005 | 9,210      |
| 2006 | 2,199      |

The $2,199 amount was calculated without regard to payments. The parties also agree that petitioner has an overpayment for 2006 of $2,214.

The parties also agree that respective additions to tax based on the deficiencies are likewise reduced; however, petitioner still disputes the application of the additions, except petitioner concedes the addition to tax under sec. 6654(a) for 2005.

pay tax for 2004, 2005, and 2006; and (3) whether petitioner is liable for an addition to tax under section 6654(a) for failure to pay estimated tax for 2006.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in California.

During the years in issue petitioner was a full-time limousine driver in Boston, Massachusetts. Petitioner received nonemployee compensation for his limousine driving services. In September 2004 petitioner began experiencing chest pains. Petitioner was hospitalized on September 6, 2004, and underwent heart surgery. Petitioner was discharged on September 10, 2004, but did not return to work until the second week of January 2005. Petitioner worked full time from the second week of January 2005 through February 2006. Petitioner described 2005 as "the best financial year [he had] had in years and years." In February 2006 petitioner accepted an offer to operate one of his son's businesses. Petitioner moved to California to accept the position. Petitioner received wage income as an employee from his son's business throughout the remainder of 2006. While he was in California, petitioner's records regarding his limousine services remained in Massachusetts at the home of a friend of

petitioner. In approximately March 2006 petitioner's friend discarded the records.

Petitioner filed Forms 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return (application for automatic extension), for 2004 and 2005 but failed to file a return for either taxable year. Petitioner did not file an application for automatic extension for 2006 and also did not file a return for that year. On June 17, 2008, the Internal Revenue Service (IRS) prepared a substitute for return for each year under section 6020(b). On September 29, 2008, the IRS issued a notice of deficiency for each year in issue.

Petitioner timely filed a petition to dispute the notices of deficiency. After the filing of the petition, petitioner reconstructed some of his records and provided same to the IRS. At trial the parties stipulated reduced deficiencies. The agreed deficiencies reflect that petitioner was able to substantiate various deductions which are not at issue. As a result of the agreement we need consider only the additions to tax.

Discussion

I.   Section 6651 Additions to Tax

    A.   Failure To Timely File Addition to Tax (2004, 2005, and 2006)

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (including extensions) unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.[2]

Respondent has satisfied his burden of production under section 7491(c) by establishing, as petitioner acknowledges, that petitioner did not file his 2004, 2005, and 2006 Federal income tax returns by their due dates of August 15, 2005; October 15, 2006; and April 16, 2007, respectively.  Therefore, petitioner bears the burden of proving that his failure to file a return was due to reasonable cause and not due to willful neglect.  See Higbee v. Commissioner,  116 T.C. 438, 446 (2001); Ruggeri v. Commissioner, T.C. Memo. 2008-300.

    B.   Failure To Timely Pay Addition to Tax (2004, 2005, and 2006)

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount shown as tax on the taxpayer's return on or before

---

[2]If the Secretary makes a return for the taxpayer under sec. 6020(b), it is disregarded for purposes of determining the amount of the addition to tax under sec. 6651(a)(1), but it is treated as a return filed by the taxpayer for purposes of determining the amount of the addition to tax under sec. 6651(a)(2).  Sec. 6651(g).

the date prescribed unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.[3]

Respondent has satisfied his burden of production under section 7491(c) by establishing, as petitioner acknowledges, that petitioner did not pay the taxes due for 2004, 2005, and 2006 by their due dates of April 15, 2005, April 17, 2006, and April 16, 2007, respectively.  Therefore, petitioner bears the burden of proving that his failure to timely pay tax was due to reasonable cause and not due to willful neglect.  See Higbee v. Commissioner, supra at 446; Ruggeri v. Commissioner, supra.

C.    Exceptions to Section 6651 Additions to Tax

Reasonable cause is a defense to the section 6651(a)(1) and (2) additions to tax.  To prove reasonable cause for a failure to timely file, the taxpayer must show that he exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time.  Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  To prove reasonable cause for failure to timely pay the amount shown as tax on a return, the taxpayer must show that he exercised ordinary business care and prudence in providing for

_____

[3]The amount of the addition to tax under sec. 6651(a)(2) reduces the amount of the addition to tax under sec. 6651(a)(1) for any month to which an addition to tax applies under both paragraphs.  Sec. 6651(c)(1).

payment of his tax liability and nevertheless was either unable to timely pay the tax or would suffer undue hardship if he paid the tax on the due date. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. The determination of whether reasonable cause exists is based on all the facts and circumstances. Estate of Hartsell v. Commissioner, T.C. Memo. 2004-211; Merriam v. Commissioner, T.C. Memo. 1995-432, affd. without published opinion 107 F.3d 877 (9th Cir. 1997).

Petitioner contends that his heart condition, attention deficit disorder,[4] and decreased earnings constituted reasonable cause for his failure to timely file returns and pay taxes. Petitioner provided medical records reflecting his hospital stay from September 6 to 10, 2004. Petitioner stipulated that he worked full time before his hospital stay and resumed work in the second week of January 2005. We conclude that petitioner had sufficient opportunity to access his records and file his return for each year.

The Court has consistently held that if a taxpayer is able to continue his business affairs despite an incapacity, then the incapacity does not establish reasonable cause. Ruggeri v. Commissioner, supra (and cases cited therein); Hazel v. Commissioner, T.C. Memo. 2008-134; Jordan v. Commissioner, T.C.

---

[4]While petitioner may have been diagnosed with attention deficit disorder, he indicated that the disorder did not hinder his recordkeeping or his employment activities.

Memo. 2005-266 (and cases cited therein).  Similarly, the Court has also held that a taxpayer's inability to meet his tax obligations when he can conduct normal business activities does not establish reasonable cause.  Jordan v. Commissioner, supra; Wright v. Commissioner, T.C. Memo. 1998-224, affd. without published opinion 173 F.3d 848 (2d Cir. 1999); Tabbi v. Commissioner, T.C. Memo. 1995-463.

Willful neglect is defined as a "conscious, intentional failure or reckless indifference."  United States v. Boyle, 469 U.S. 241, 245 (1985).  Petitioner admitted that he did not file tax returns for 2004, 2005, and 2006 because he knew he could not pay the taxes due.  Although petitioner described 2005 as his best year, he did not pay any income tax due for 2004 or 2005.  Petitioner had income tax withheld from his wages in California but also had income tax due in 2006 and failed to pay the remaining tax due.

We conclude petitioner has not shown his failure to file returns or pay taxes was due to reasonable cause.  Additionally, petitioner has shown willful neglect in failing to timely file tax returns and failing to timely pay the tax due for each year.

II.  Section 6654(a) Addition to Tax

   A.    Failure To Pay Estimated Tax Addition to Tax (2005 and
         2006)

Section 6654(a) imposes an addition to tax on an underpayment of estimated income tax unless an exception applies.

See sec. 6654(e).  The section 6654(a) addition to tax is
determined by applying the underpayment rate established under
section 6621 to the amount of the underpayment[5] for the period of
the underpayment.[6]  The addition to tax is also calculated with
reference to four required installment payments of the taxpayer's
estimated income tax.  Sec. 6654(c)(1); Wheeler v. Commissioner,
127 T.C. 200, 210 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).
Each required installment of estimated income tax is equal to 25
percent of the "required annual payment."  Sec. 6654(d)(1)(A).
The required annual payment is generally equal to the lesser of:
(1) 90 percent of the tax shown on the taxpayer's return for the
year (or 90 percent of the taxpayer's tax for the year if no
return is filed); or (2) 100 percent of the tax shown on the
return if the taxpayer filed a return for the immediately
preceding taxable year.  Sec. 6654(d)(1)(B); Wheeler v.
Commissioner, supra at 210-211.  If the taxpayer did not file a
return for the preceding year, then clause (2) does not apply.
Sec. 6654(d)(1)(B).  A taxpayer has an obligation to pay

---

[5]"[A]mount of the underpayment" means the excess of the
required installment over the amount, if any, of the installment
paid on or before the due date for the installment.  Sec.
6654(b)(1).

[6]The period of the underpayment runs from the due date for
the installment to the earlier of the 15th day of the 4th month
following the close of the taxable year or with respect to any
portion of the underpayment, the date on which such portion is
paid.  Sec. 6654(b)(2).

estimated income tax for a particular year only if he had a "required annual payment" for that year. <u>Wheeler v. Commissioner</u>, <u>supra</u> at 211.

Respondent determined additions to tax under section 6654(a) for both 2005 and 2006. At trial petitioner conceded that he is liable for the estimated tax addition to tax for 2005. Respondent's burden of production under section 7491(c) with respect to the section 6654(a) addition to tax has been satisfied by proof at trial that petitioner has a Federal income tax liability for 2006 and that petitioner made no estimated payments for that year. Thus, the addition to tax applies under section 6654(a) unless petitioner establishes that an exception applies.

B.    <u>Exceptions to the Section 6654(a) Addition to Tax</u>

Generally, no reasonable cause exception exists for the section 6654(a) addition to tax. Sec. 1.6654-1(a)(1), Income Tax Regs.; see also <u>Bray v. Commissioner</u>, T.C. Memo. 2008-113. No addition to tax is imposed under section 6654(a) with respect to any underpayment if the Secretary determines that the taxpayer became disabled in either the taxable year for which estimated income tax payments were required or in the preceding taxable year and the underpayment was due to reasonable cause and not willful neglect. Sec. 6654(e)(3)(B). Additionally, no addition to tax is imposed under section 6654(a) with respect to any underpayment to the extent the Secretary determines that by

reason of casualty, disaster, or other unusual circumstances the imposition of the addition to tax would be against equity or good conscience.  Sec. 6654(e)(3)(A).

Petitioner has not established a disability within the meaning of section 6654(e)(3)(B).  See <u>Thomas v. Commissioner</u>, T.C. Memo. 2005-258 (no disability when taxpayer is employed and running his own business, despite both mental and physical afflictions).  He also has not established any casualty, disaster, or other unusual circumstances by reason of which the imposition of the section 6654(a) addition to tax would be against equity or good conscience.  Consequently, respondent's determination is sustained.

We have considered all of petitioner's contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,[7]

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[7]As indicated, the parties have stipulated the deficiencies for 2004, 2005, and 2006.  The Court leaves it to the parties to compute the additions to tax based on these stipulated deficiencies.