T.C. Memo. 2005-27

UNITED STATES TAX COURT

JAMES CARLYLE MALONEY, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10533-03.                    Filed February 16, 2005.

James Carlyle Maloney, Jr., pro se.

<u>Donza M. Poole</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, <u>Judge</u>:  Respondent determined a deficiency of

$16,061 for 2000, an addition to tax under section 6651(a)(1)[1] of

$1,371 for failure to timely file a return, an addition to tax

_____

[1]All section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure, unless otherwise
indicated.

under section 6651(a)(2) of $579 for failure to pay timely, and an addition to tax of $268 under section 6654(a) for failure to pay estimated taxes.

After concessions,[2] the issues to be decided are whether petitioner had income of $72,606; whether he is liable for the addition to tax under section 6651(a)(1) for failure to file a timely tax return; and whether he is liable for the addition to tax under section 6654(a) for failure to make estimated tax payments. We decide all the issues in the affirmative.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioner resided in North Canton, Ohio, when he filed the petition.

Respondent has no record that petitioner filed a Federal income tax return for 2000. Relying on a Form W-2, Wage and Tax Statement, and Form 1099-DIV, Dividends and Distributions, respondent determined that petitioner was paid $71,520 in wages by Goodyear Tire & Rubber Co. and $1,086 in ordinary dividends by TRW, Inc., in 2000. Respondent then determined against petitioner a deficiency and additions to tax for failure to file

---

[2]Respondent conceded the sec. 6651(a)(2) addition to tax and sought a correlative one-half-percent increase in the sec. 6651(a)(1) addition to tax. Respondent submitted no computation to the Court reflecting the proposed increase.

timely, pay timely,[3] and make estimated tax payments. Respondent then issued a notice of deficiency to petitioner for 2000, and petitioner timely filed a petition contesting all of respondent's determinations in the deficiency notice.

## OPINION

The Commissioner's determination in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof may, under certain circumstances, shift to the Commissioner with respect to a factual issue affecting the taxpayer's liability for tax. Sec. 7491(a). The burden of proof does not shift in this case, however, because petitioner failed to introduce credible evidence, maintain adequate records, satisfy substantiation requirements, or cooperate with respondent. Id.

After carefully considering the facts, we conclude that petitioner has failed to prove that respondent's deficiency determination in the notice was incorrect. The definition of gross income under section 61(a) broadly encompasses any accession to a taxpayer's wealth. United States v. Burke, 504 U.S. 229 (1992); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955). Compensation for services and dividends are specifically included in that definition. Sec. 61(a)(1), (7).

---

[3]See supra note 2.

We therefore conclude that the unreported amounts are includable in petitioner's gross income and are taxable. Accordingly, we sustain respondent's deficiency determination.

Additions to Tax

We next address additions to tax. Respondent determined petitioner was liable for an addition to tax of $1,371 under section 6651(a)(1) for failure to file timely. Section 6651(a)(1) provides for an addition to tax for failure to file a tax return on or before the specified filing date.

Respondent bears the burden of production with respect to any additions to tax. See sec. 7491(c). In order to meet this burden, respondent must produce sufficient evidence establishing that it is appropriate to impose the additions to tax. See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once respondent has done so, the burden of proof is upon petitioner to persuade the Court that respondent's determination is incorrect. See id.

Having produced a certified transcript with no record of petitioner's 2000 tax return, respondent has met his burden of producing evidence that petitioner failed to file a return for 2000. See Mehner v. Commissioner, T.C. Memo. 2003-203 (Commissioner's initial burden of production is satisfied where it is established that Commissioner has no record of a return). The burden therefore shifts to petitioner to prove that he either

filed the return timely or had reasonable cause and lacked willful neglect in not filing his return timely. See United States v. Boyle, 469 U.S. 241, 245 (1985); Jackson v. Commissioner, 864 F.2d 1521, 1527 (10th Cir. 1989), affg. 86 T.C. 492 (1986); Charlotte's Office Boutique, Inc. v. Commissioner, 121 T.C. 89, 110 (2003); Higbee v. Commissioner, supra; Crocker v. Commissioner, 92 T.C. 899, 912 (1989); Estate of Newton v. Commissioner, T.C. Memo. 1990-208; sec. 301.6651-1(a)(2), Proced. & Admin. Regs.

Petitioner claims to have requested an automatic extension to file his return for 2000 and to have filed the return on April 30, 2001. Unable to find a copy of his return, however, petitioner produced a computer-generated copy of what he claims is his return for 2000 that he had saved on his home computer. Petitioner printed the return approximately 1 week before trial and backdated it April 30, 2001. Petitioner cannot otherwise corroborate that he in fact filed his return for 2000.

In the Sixth Circuit, in which this case is appealable, no presumption is raised that a properly mailed return has been received by the Internal Revenue Service unless the return was sent by registered or certified mail. Carroll v. Commissioner, 71 F.3d 1228, 1229-1230 (6th Cir. 1995) ("a taxpayer that sends a document to the IRS by regular mail, as opposed to registered or certified mail, does so at his peril"), affg. T.C. Memo. 1994-

229; <u>Surowka v. United States</u>, 909 F.2d 148 (6th Cir. 1990); <u>Miller v. United States</u>, 784 F.2d 728, 730 (6th Cir. 1986); <u>Brown v. Commissioner</u>, T.C. Memo. 1997-567, affd. without published opinion 181 F.3d 99 (6th Cir. 1999); <u>Bruder v. Commissioner</u>, T.C. Memo. 1989-328. We are not required to accept, nor shall we accept, petitioner's testimony that he timely mailed his return. See <u>Geiger v. Commissioner</u>, 440 F.2d 688, 689 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986). Nor do we attach any weight to the dubious copy of petitioner's return for 2000 that he produced at trial.

Moreover, petitioner makes no argument that he had reasonable cause and lacked willful neglect in not filing the return. In fact, he claims he did file the return. We therefore find that petitioner has failed to demonstrate reasonable cause and lack of willful neglect. Accordingly, we sustain respondent's determination that petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file timely. Because respondent did not submit a computation to the Court reflecting the proposed increase, we sustain respondent only as to the addition to tax under section 6651(a)(1) determined in the notice of deficiency.

Respondent also determined petitioner was liable for an addition to tax of $268 under section 6654(a) for failure to make

estimated tax payments.  Section 6654(a) provides for an addition to tax where a taxpayer underpays estimated tax.  Respondent's certified transcript of account establishes that petitioner made no estimated tax payments during 2000, and none of the statutory exceptions under section 6654(e) applies.  We therefore find that petitioner is liable for the addition to tax under section 6654(a) for underpaying estimated tax in 2000.

To reflect the foregoing regarding the deficiency, additions to tax, and respondent's concession,

<u>Decision will be entered</u>

<u>for respondent</u>.