T.C. Memo. 2006-62

UNITED STATES TAX COURT

DAVID E. CHRISTENSEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 13710-04, 13711-04.      Filed March 30, 2006.

David E. Christensen, pro se.

<u>Ron S. Chun</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>: Respondent determined deficiencies in
petitioner's Federal income tax as follows:

| Year at issue | Deficiency | Sec. 6651(a)(1) | Sec. 6662 |
|---|---|---|---|
| 1997 | $19,104 | $4,050 | N/A |
| 1998 | 10,666 | 2,658 | $2,133 |
| 1999 | 9,260 | 2,243 | 1,852 |
| 2000 | 9,053 | 2,247 | 1,810 |
| 2001 | 7,247 | 1,812 | 1,449 |

The issues to be decided are: (1) Whether petitioner failed to report $78,491 in 1997 as income for Federal income tax purposes; (2) whether petitioner failed to substantiate his claimed Schedule C, Profit or Loss From Business, expenses for 1998, 1999, 2000, and 2001; (3) whether petitioner is liable for additions to tax under section 6651(a)(1) for all years at issue; and (4) whether petitioner is liable for accuracy-related penalties under section 6662 for 1998, 1999, 2000, and 2001.[1]

### FINDINGS OF FACT

Petitioner resided in Glendora, California, at the time the petitions were filed.

During the years at issue, petitioner was employed by various companies as a systems engineer. The work he performed as a systems engineer was done out of his home. In addition, he started his own company in 1998 called Connect4Less. In this capacity, he repaired computers, programmed computers, and developed Web sites for individuals. Petitioner also operated Connect4Less out of his home.

Petitioner did not file a Federal income tax return for 1997. He did not make estimated tax payments for 1997. Petitioner did not file his 1998, 1999, 2000, and 2001 Federal

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Amounts are rounded to the nearest dollar.

income tax returns until October 28, 2002. On February 2, 2003, respondent prepared a substitute for return for 1997. On July 12, 2004, respondent issued notices of deficiency to petitioner for the years at issue.

Respondent determined petitioner received taxable income in 1997 based upon the Internal Revenue Service administrative record of petitioner's 1997 third-party payor information (Administrative Record). Based upon the Administrative Record, petitioner received: (1) W-2, Wage and Tax Statement, income of $69,990, consisting of (a) $22,438 from Auspex Systems, Inc.; (b) $33,269 from Microcadam, Inc.; and (c) $14,283 from NPC Admin. Services DCP (NPC); (2) 1099-INT, Interest Income, income of $120, consisting of (a) $13 from Capital One FSB; (b) $18 from Glendale Federal Bank; and (c) $71 from Pasadena Federal Credit Union; and (3) 1099-R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., income of $8,399 from the Public Employees' Retirement System, for the State of California.

Respondent disallowed petitioner's Schedule C expenses of $46,669, $44,451, $44,063, and $39,135 for 1998, 1999, 2000, and 2001, respectively, for lack of substantiation. The disallowance of Schedule C expenses caused petitioner's adjusted gross income to increase. As a result, petitioner's Schedule A, Itemized Deductions, deductions were reduced by $873, $864, and $764 in

1999, 2000, and 2001, respectively.  On August 2, 2004, petitioner timely filed petitions contesting the deficiencies for the years at issue.

Petitioner did not cooperate with respondent in preparing for trial.  He did not identify or exchange any documents, identify witnesses, or file a pretrial memorandum as required by the standing pretrial order.  Respondent complied with these requirements.

On March 14, 2005, the cases were consolidated for trial. Trial was held on this matter on March 16, 2005.  The parties submitted their stipulation of facts at the beginning of trial.

OPINION

Petitioner asserts he is not liable for respondent's deficiency determinations, penalties, and additions to tax because:  (1) He did not receive taxable income of $78,491 in 1997; (2) he properly substantiated his Schedule C expenses for 1998, 1999, 2000, and 2001; (3) he is not liable for additions to tax under section 6651(a)(1) for all years at issue; and (4) he is not liable for accuracy-related penalties under section 6662 for 1998, 1999, 2000, and 2001.

Generally the taxpayer bears the burden of proving the Commissioner's determinations are erroneous.  Rule 142(a). However, the burden of proof may shift to the Commissioner under section 7491(a) if the taxpayer has produced credible evidence

relating to the tax liability at issue, has met his substantiation requirements, maintained records, and cooperated with the Secretary's reasonable requests for documents, witnesses, and meetings.[2]

In this case, petitioner bears the burden of proof because he did not: (1) substantiate his expenses; (2) maintain the required records; and (3) cooperate with respondent's requests. Sec. 7491(a); see Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).

A.   1997

   1.   Section 6201(d)

If a taxpayer asserts a reasonable dispute with respect to any item of income reported on a third-party information return and the taxpayer has fully cooperated with the Secretary, the Secretary has the burden of producing reasonable and probative information concerning that deficiency in addition to the information return.  Sec. 6201(d).  In this case, petitioner did not fully cooperate with respondent.  Therefore, the Court concludes respondent does not have the burden of production under section 6201(d) for the 1997 tax year.

---

[2] Sec. 7491 applies to all years at issue because the examination of petitioner's returns for all years at issue began after July 22, 1998, the effective date of sec. 7491.

2.    Determination in Unreported Income Cases

The Court of Appeals for the Ninth Circuit has determined that in order for the presumption of correctness to attach to a deficiency determination in unreported income cases, the Commissioner must establish "some evidentiary foundation" connecting the taxpayer to the income-producing activity, Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977), or demonstrate the taxpayer received unreported income, Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982).  Once there is evidence of actual receipt of income by the taxpayer, the taxpayer has the burden of proving that all or part of the income is not taxable.  Tokarski v. Commissioner, 87 T.C. 74, 76-77 (1986).

A deficiency determination which is not supported by some evidentiary foundation is arbitrary and erroneous.  Weimerskirch v. Commissioner, supra at 362.  In these circumstances, the Commissioner has the burden of coming forward with evidence establishing the existence and amount of a deficiency.  Jackson v. Commissioner, 73 T.C. 394, 401 (1979).

In this case, there is sufficient evidence linking petitioner to all the 1997 income-producing activities except the amounts reported by NPC.  With respect to the Administrative Record, petitioner testified:  (1) He was employed by Auspex Systems, Inc., and  Microcadam, Inc, in 1997; (2) he had a

mortgage with Glendale Federal Bank and had accounts with Capital One and Pasadena Federal Credit Union; and (3) he received income from the Public Employees' Retirement System, for the State of California. Thus, there is sufficient evidence linking petitioner to $64,208.

However, even though the Administrative Record indicated petitioner received $14,283 from NPC in 1997, petitioner testified he was not employed by, nor did he receive income from, NPC in 1997. At trial, respondent was unable to provide the Court a Form W-2 statement from NPC or any other evidence linking petitioner to receipt of income from NPC. Respondent informed the Court he attempted to issue a subpoena to NPC; however, he was unable to find its location.

The Court finds respondent's administrative record of NPC's third-party information, without more, is an insufficient evidentiary foundation, because petitioner disputes receipt of such income. Therefore, this Court concludes respondent presented evidence linking petitioner to only $64,208 of unreported income in 1997, not the alleged $78,491.

Finally, petitioner provided no evidence to dispute respondent's determination of petitioner's receipt of income for 1997 as reduced by the Court. Therefore, the Court finds petitioner received taxable income of $64,208 in 1997.

B.    1998-2001

Petitioner argues his business expenses for 1998, 1999, 2000, and 2001 were properly substantiated solely by his testimony.  The Court disagrees.

Under section 162(a), a taxpayer may deduct ordinary and necessary business expenses incurred or paid during the taxable year.  However, deductions are a matter of legislative grace, and the taxpayer must clearly demonstrate entitlement to the claimed deductions.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  The taxpayer must keep records sufficient to establish the amount of his deductions.  Secs. 162(a), 6001; sec. 1.6001-1(a), Income Tax Regs.  The taxpayer bears the burden of substantiation.  Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Petitioner testified all substantiating documents were either destroyed in "hard disk crashes" or lost while moving. When a taxpayer's records have been destroyed or lost due to circumstances beyond the taxpayer's control, such as fire, flood, earthquake, or other casualty, the taxpayer has a right to substantiate the deductions by a reasonable reconstruction of the expenditures or uses.  Sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985).  If documentation is unavailable, the Court may, although it is not required to do so, accept the taxpayer's testimony to substantiate the deduction.

See Boyd v. Commissioner, 122 T.C. 305, 320 (2004); Watson v. Commissioner, T.C. Memo. 1988-29.

During petitioner's testimony, he contradicted himself, admitted to errors in the Schedules C relative to expenses, and in some instances could not recall what the claimed expenses were. Further, petitioner did not make a good faith effort to reconstruct his expenses, provide documentation, or provide corroborating evidence to bolster the credibility of his testimony. See Tokarski v. Commissioner, supra at 77; Smith v. Commissioner, T.C. Memo. 1998-33. Therefore, the Court finds petitioner's testimony was insufficient to substantiate his deductions. Boyd v. Commissioner, supra; Watson v. Commissioner, supra.

Finally, petitioner failed to reconstruct his records, submit any documentation, or otherwise provide sufficient evidentiary basis for the Court to estimate his expenses under the Cohan rule. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Therefore, the Court sustains respondent's determination disallowing petitioner's Schedule C expenses of $46,669, $44,451, $44,063, and $39,135 for 1998, 1999, 2000, and 2001, respectively. As a result of the above, the Court sustains

respondent's determination disallowing Schedule A deductions of $873, $864, and $765, in 1999, 2000, and 2001, respectively.

C.  Penalties and Additions to Tax

  1.  Section 6651(a)(1)

Pursuant to section 7491(c), respondent has the burden of production with respect to any penalty, addition to tax, or additional amounts.  The burden of production only requires respondent to come forward with sufficient evidence indicating it is appropriate to impose additions to tax.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  In this case, respondent has carried the requisite burden of production with respect to the additions to tax under section 6651(a)(1).

Section 6651(a)(1) imposes an addition to tax for failure to file a required return on or before the prescribed filing date, unless it is shown that such failure is due to reasonable cause and not due to willful neglect.  A showing of reasonable cause requires the taxpayer to demonstrate he exercised ordinary business care and prudence and nevertheless was unable to file the return by the due date.  Sec. 301.6651-1(c), Proced. & Admin. Regs.

Petitioner did not file a return for 1997, and he did not timely file his 1998, 1999, 2000, and 2001 tax returns. Petitioner did not offer a legitimate explanation for these failures.  Thus, petitioner is liable for additions to tax for

failure to timely file under section 6651(a)(1) in 1997, 1998, 1999, 2000, and 2001, in amounts to be determined under Rule 155 calculations.

2.    Section 6662

Section 6662 imposes an accuracy-related penalty upon any underpayment of tax resulting from a substantial understatement of income tax.  The penalty is equal to 20 percent of any underpayment that constitutes a substantial understatement of income tax.  Sec. 6662(a).  The term "substantial understatement" is defined as the greater of:  (1) 10 percent of the tax required to be shown on the return for the taxable year, or (2) $5,000.  Sec. 6662(d).  Petitioner reported tax on his income tax returns and respondent determined deficiencies based upon corrected tax resulting in understatements of the following amounts:

| Tax year | Tax on return | Corrected tax | Understatement |
|----------|---------------|---------------|----------------|
| 1998 | $979 | $11,645 | $10,666 |
| 1999 | 96 | 9,356 | 9,260 |
| 2000 | 156 | 9,209 | 9,053 |
| 2001 | -0- | 7,323 | 7,247 |

In this case, the amount of the understatement for each of the years 1998, 1999, 2000, and 2001 is more than 10 percent of the tax required to be shown and greater than $5,000.  Thus, petitioner substantially understated his income tax for 1998, 1999, 2000, and 2001.  Thus, respondent has met the burden of production, and petitioner, having failed to show reasonable cause, substantial authority, or other basis for reducing the

understatement, is liable for the section 6662 penalty for 1998, 1999, 2000, and 2001.

The Court, in reaching its holding, has considered all arguments made and concludes that any arguments not mentioned above are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.