T.C. Memo. 2008-134

UNITED STATES TAX COURT

MICHAEL HAZEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23558-06.                    Filed May 19, 2008.

<u>Woodford G. Rowland</u>, for petitioner.

<u>Catherine G. Chang</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 2001 Federal income tax of $323,024 and additions to tax under sections 6651(a)(1) and (2) and 6654(a) of $64,521, $71,690, and $11,299, respectively.[1]

_____

[1]Unless otherwise indicated, section references are to the
                                                (continued...)

After concessions,[2] the issues for decision are:

(1)  Whether the period of limitations for assessment of the deficiency and addition to tax has expired.  We hold that it has not; and

(2)  whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file his 2001 return.[3]  We hold that he is.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts, the exhibits attached thereto, and the stipulation of settled issues are incorporated herein by this reference.  At the time he filed his petition, petitioner resided in California.

Petitioner's Alcohol and Drug Abuse

At the time of trial petitioner was 55 years old.  He has a long history of alcoholism and drug addiction.  During the 1980s

---

[1](...continued)
Internal Revenue Code, as amended.  Unless otherwise indicated, Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to the nearest dollar.

[2]The parties have stipulated that petitioner's deficiency is $289,066.  Respondent concedes that petitioner is not liable for additions to tax under secs. 6651(a)(2) and 6654(a).

[3]In the notice of deficiency, respondent reduced the amount of the sec. 6651(a)(1) addition by the amount of the sec. 6651(a)(2) addition for the months when both additions applied pursuant to sec. 6651(c)(1).  As a result of the concession of the sec. 6651(a)(2) addition to tax, respondent asserted in his answer an increased sec. 6651(a)(1) addition to tax of $71,690.

petitioner made numerous attempts at sobriety, meeting with mixed and ultimately disappointing results. During one period of sobriety in 1985 he obtained his contractor's license. In 1994 petitioner began a 45-day period of heavy drinking and drug abuse that culminated in his entering a rehabilitation hospital. For the next 5 years he was able to stay relatively sober.

At some point not disclosed in the record, petitioner opened his own construction business, Hazel Construction, Inc. By the late 1990s Hazel Construction had grown to include approximately 25 employees. In 1998 or 1999 petitioner again began to drink a little bit. By 1999 or 2000 he was drinking heavily and using cocaine. Petitioner stopped drinking and using drugs on June 3, 2002, after being arrested and charged with assault on a police officer and being drunk in public. Petitioner spent between 12 and 18 hours in jail as a result of the charges.

Petitioner's 2001 Return

During 2001 petitioner received $845,000 of income from his construction company. Petitioner and his wife timely requested and were granted an extension of time to file their 2001 return. The return was due on or before August 15, 2002. Respondent has no record of petitioner's submitting a 2001 return before August 23, 2007. On that date petitioner submitted a joint 2001 tax return to respondent, reporting total tax of $289,066, a withholding credit of $36,265, and tax due of $252,801. The

return was signed by petitioner and his wife on August 17, 2007, and by his return preparer on August 20, 2007. Petitioner remitted the tax due with his return. The return was submitted and the tax was paid during the pendency of this case and more than a year after the notice of deficiency was mailed. The payment of tax after the mailing of the notice of deficiency does not deprive the Court of jurisdiction over the deficiency suit. Sec. 6213(b)(4).

## Discussion

### I. Whether the Period of Limitations Has Expired

Petitioner argues that respondent is barred from assessing his 2001 tax because the 3-year period of limitations under section 6501(a) expired before the mailing of the deficiency notice. Accordingly, he requests a refund of the 2001 tax paid in August 2007.

Section 6501(a) provides: "Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed)". Section 6501(c)(3) provides that in the case of a failure to file a return, the tax may be assessed at any time. A taxpayer who claims that the limitations period on assessment has run is required to prove the date of the filing of a return. Espinoza v. Commissioner, 78 T.C. 412, 421-422 (1982); see Rule 142(a).

Petitioner contends he timely filed his 2001 return at some point on or before August 15, 2002. Petitioner testified that his accountant badgered him to file the return. He testified that he brought the return home for signature, brought it back to his office, put the postage on it, and mailed it. Petitioner also testified that he was incapacitated during the period he filed his return by alcoholism, addiction, withdrawal, and type 2 diabetes. Despite this alleged incapacitation, petitioner contends that he filed his return during "a moment of lucidity."

Petitioner offered no evidence to corroborate his testimony that he timely filed his return or that he was incapacitated. He did not present a certified mail receipt or copy of the return allegedly filed in 2002. He did not present the testimony of his accountant who prepared the return or the testimony of his wife who would have signed the purported joint return. Similarly, he did not present the testimony of his wife, family, or employees, or any documentary evidence such as medical records which would indicate petitioner was incapacitated.

The Court finds petitioner's testimony that he suffered from a long history of alcohol and drug abuse credible. However, with respect to the filing of the return and his incapacity during the relevant period, petitioner's testimony was contradictory, general, conclusory, and self-serving. Under the circumstances, we are not required to accept his testimony, and we do not. See

<u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986); <u>Christensen v. Commissioner</u>, T.C. Memo. 2006-62. Accordingly, we will not rely on his testimony to establish that he timely filed his return.

As evidence that petitioner failed to file his 2001 return, respondent introduced Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, which bears no entry indicating a timely return was filed for 2001.[4] This Court has found that a Form 4340 which bears no entry of a filed return is evidence that a return was not filed. See, e.g., <u>Wheeler v. Commissioner</u>, T.C. Memo. 2006-109; <u>Mostafa v. Commissioner</u>, T.C. Memo. 2006-106; <u>Silver v. Commissioner</u>, T.C. Memo. 2005-281; <u>Maloney v. Commissioner</u>, T.C. Memo. 2005-27; <u>Mehner v. Commissioner</u>, T.C. Memo. 2003-203.

---

[4]Petitioner argues that the Court erred in admitting the Form 4340 into evidence. Petitioner contends that the Form 4340 does not satisfy Fed. R. Evid. 803(8), the public records exception to the hearsay rule. The Form 4340 is a record of a public agency setting forth matters observed pursuant to a duty imposed by law and thus is not hearsay. Furthermore, the Form 4340 is self-certifying under Fed. R. Evid. 902 because it was submitted with a Certificate of Official Record signed under seal by an authorized employee of the Internal Revenue Service.

Petitioner also argues that the Form 4340 is inadmissible under Fed. R. Evid. 403 because it lacks trustworthiness. Fed. R. Evid. 403 provides that relevant evidence may be excluded if its probative value is outweighed by confusion of the issues or waste of time in dealing with collateral issues. Petitioner directs the Court to a number of alleged errors on the Form 4340. However, his claim reflects a lack of understanding of the type of information a Form 4340 provides and how that information is presented. The Form 4340 is relevant to the issue of whether petitioner timely filed his 2001 return and was properly admitted into evidence.

Petitioner argues that a Form 4340 does not show whether a return has been filed. Petitioner directs the Court to the title of the form and to the certifying statement, which states:

> I certify that the foregoing transcript of the taxpayer named above in respect to the taxes specified is a true and complete transcript for the period stated, and all assessments, abatements, credits, refunds, and advance or unidentified payments, and the assessed balance relating thereto, as disclosed by the records of this office as of the account status date are shown therein. I further certify that the other specified matters set forth in this transcript appear in the official records of the Internal Revenue Service.

Petitioner argues that the document is not evidence of a lack of return filing because the certification does not state that all records as to return filing are shown.

A Form 4340 is a literal transcript containing tax data from an Internal Revenue Service (IRS) master file associated with a particular taxpayer. See Bowman v. Commissioner, T.C. Memo. 2007-114; Internal Revenue Manual (IRM), pt. 21.2.3.4.2.1(5)(2) (Oct. 1, 2004). An IRS master file is opened by the filing of a tax return or (when a taxpayer has not filed a return) by the Commissioner's creating a substitute for return (SFR). See IRM pt. 4.4.9.6.2.1, 4.4.9.6.2.2, 4.4.9.6.3 (Feb. 1, 2006). Therefore, a Form 4340 contains return filing information, such as whether a return has been filed or an SFR has been prepared. Such information is one of the "other matters" described in the title of the Form 4340.

The first entry on petitioner's 2001 Form 4340 is "Substitute for Return". Respondent conceded during preparation for trial that the SFR was procedurally deficient because it was not signed by respondent's agent. Nevertheless, the IRS master file and thus the Form 4340 were opened by the preparation of the SFR in 2006, and there is no entry indicating petitioner filed a timely return.

On the preponderance of the evidence, the Court finds that petitioner did not file a timely return for 2001.

## II. Whether Petitioner Had Reasonable Cause for His Failure To File

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing) unless the taxpayer can establish that such failure is due to reasonable cause and not because of willful neglect. The Court has found that petitioner did not file a timely return. Petitioner bears the burden of proving that his failure to timely file is due to reasonable cause. See sec. 7491(c); Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

A taxpayer may have reasonable cause for failure to timely file a return where the taxpayer experiences an illness or incapacity that prevents the taxpayer from filing the return. United States v. Boyle, 469 U.S. 241, 248 n.6 (1985); Jordan v. Commissioner, T.C. Memo. 2005-266; Paradiso v. Commissioner, T.C.

Memo. 2005-187.  However, a taxpayer's illness or incapacity generally does not prevent the taxpayer from filing returns where the taxpayer is able to continue his business affairs despite the illness or incapacity.  Jordan v. Commissioner, supra; Wright v. Commissioner, T.C. Memo. 1998-224, affd. 173 F.3d 848 (2d Cir. 1999).

In support of his contention that he lacked the capacity to file his return, petitioner cites Harbour v. Commissioner, T.C. Memo. 1991-532, where the Court determined that the taxpayer had reasonable cause for failure to file his 1983 return but not his 1984 return.  The taxpayer was admitted to an alcohol and drug treatment center on March 24, 1984, and stayed until April 14, 1984.  As evidence of his incapacity the taxpayer offered hospital records and the opinion of his doctor as to his capacity during the time the 1983 return should have been filed.  The Court found reasonable cause for failure to file the 1983 return because the taxpayer was incapacitated during the time he spent in the drug and alcohol treatment center and most likely for sometime before; i.e., the period when the 1983 return would have been timely filed.  With respect to the 1984 return the taxpayer presented no credible evidence of his incapacity during the period when that return should have been filed.  For that reason, the Court found the taxpayer did not have reasonable cause for his failure to file his 1984 return.

Petitioner's attempt to analogize his failure to file his return to the failure to file the 1983 return in <u>Harbour</u> falls short of the mark. In fact, petitioner's failure to file is more akin to the 1984 failure to file for which relief was not granted in <u>Harbour</u> than to the 1983 failure to file for which relief was granted. Petitioner was not hospitalized during the time he should have filed his return. He did not present medical records, the opinion of his doctor, or any evidence of his incapacity other than his own inconsistent and self-serving testimony.

Furthermore, despite any incapacity petitioner may have suffered, the record indicates he was able to continue his business affairs. During 2002, the period in which petitioner would have timely filed his return, petitioner's adjusted gross income was $162,024.

In sum, petitioner has provided no credible evidence that he was incapacitated during the time the return should have been filed. During that time he was able to continue his business affairs and thus did not have reasonable cause for the failure to timely file his return. See <u>Jordan v. Commissioner</u>, <u>supra</u>; <u>Wright v. Commissioner</u>, <u>supra</u>. Therefore, he is liable for the addition to tax under section 6651(a)(1).

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.