T.C. Summary Opinion 2011-13

UNITED STATES TAX COURT

KATHRYN G. ECKARDT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 23830-09S, 26727-09S.   Filed February 10, 2011.

Kathryn G. Eckardt, pro se.

<u>Jeremy L. McPherson</u>, for respondent.

HAINES, <u>Judge</u>:  These consolidated cases were heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect when the petitions were filed.[1]  Pursuant to section
7463(b), the decisions to be entered are not reviewable by any

_____

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code as amended and in effect for the years in
issue.  Rule references are to the Tax Court Rules of Practice
and Procedure.  Amounts are rounded down to the nearest dollar.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax for 2006 of $16,908 and an accuracy-related penalty under section 6662(a) of $3,381.  For 2007 petitioner failed to file a return, and respondent determined a deficiency of $38,176 and additions to tax under section 6651(a)(1) of $8,589, section 6651(a)(2),[2] and section 6654 of $179.

At trial respondent conceded petitioner's deficiency for 2006 is $5,698 and the accuracy-related penalty under section 6662(a) is $1,139.  The parties likewise conceded and stipulated petitioner's taxable income and deductions for 2007.  Therefore, the remaining issues for decision are:  (1) Whether petitioner is entitled to deductions claimed on Schedule C, Profit or Loss From Business, for 2006; and (2) whether petitioner is liable for an accuracy-related penalty under section 6662(a) for 2006 and additions to tax under sections 6651(a)(1) and (2) and 6654 for 2007.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are

---

[2]The notice of deficiency for 2007 states that this amount will be computed at a later date.

incorporated herein by this reference. At the time she filed her petitions, petitioner resided in California.

Notices of Deficiency and Procedural Background

Petitioner filed a return for 2006, and respondent issued a notice of deficiency on July 7, 2009, disallowing some deductions claimed on Schedule C for auto expenses, meals and entertainment, and other expenses and determining an accuracy-related penalty under section 6662. Petitioner filed a petition with this Court for 2006 on October 6, 2009. Petitioner failed to file a 2007 Form 1040, U.S. Individual Income Tax Return, and respondent prepared a substitute for return (SFR) pursuant to section 6020(b) for 2007. In the SFR respondent determined petitioner received in 2007 a tax refund of $315, dividend income of $89, and nonemployee compensation of $118,816. On October 27, 2009, respondent issued the notice of deficiency for the taxable year 2007 to petitioner, and on November 10, 2009, petitioner filed a petition for 2007 disputing the additions to tax.

Personal Background

During the years at issue petitioner was self-employed in the real estate sales business. During 2006 petitioner experienced difficulties in her personal life and in her business. In October 2006 petitioner's mother had medical problems that necessitated her admittance to a hospital. In attempting to make decisions regarding her mother's medical care

and subsequent living situation, petitioner encountered significant family problems with her sisters. These problems escalated, resulting in the issuance of a restraining order against petitioner in January 2007 prohibiting her from visiting her mother. Petitioner ceased working in the real estate sales business and attempted to find work as a medical assistant but claims she was hampered by her age and the outstanding restraining order.

## Discussion

### I.   Burdens of Proof

#### A.   Petitioner's Claimed Deductions for 2006

Petitioner bears the burden of proving that respondent's determination is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers bear the burden of substantiating the amount and purpose of any claimed deduction by maintaining the records needed to establish such entitlement. See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. 540 F.2d 821 (5th Cir. 1976). A taxpayer's self-serving declaration is generally not a sufficient substitute for records. Weiss v. Commissioner, T.C. Memo. 1999-17.

In the notice of deficiency issued for 2006 respondent determined a deficiency in petitioner's Federal income tax for 2006 of $16,908. At trial respondent conceded a portion of petitioner's claimed deductions and agreed that petitioner's deficiency for 2006 is $5,698. Despite bearing the burden of proof, petitioner neither presented credible evidence at trial nor provided the Court with useful documents necessary to substantiate her remaining claimed deductions for 2006. Thus, petitioner failed to meet her burden of proof regarding the claimed deductions for 2006, and we accept respondent's concessions regarding the 2006 deficiency.

B. Penalties and Additions to Tax

Initially, the Commissioner bears the burden of production with respect to any penalty, addition to tax, or additional amount. Sec. 7491(c). The Commissioner satisfies this burden of production by coming forward with sufficient evidence indicating that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner satisfies this burden of production, the taxpayer must persuade the Court that the Commissioner's determination is in error by supplying sufficient evidence of an applicable exception. Id.

II. Section 6662(a) Penalty

Section 6662(a) and (b)(2) imposes a 20-percent accuracy-related penalty upon any underpayment of tax resulting from a

substantial understatement of income tax.  An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).  The Commissioner bears the burden of production with respect to penalties.  Sec. 7491(c); Higbee v. Commissioner, supra at 446-447.

At trial respondent conceded that petitioner's deficiency for 2006 is $5,698 and claimed she is liable for a penalty under section 6662(a) of $1,139.  The amount of the understatement of income tax was substantial because it exceeded the greater of: (1) 10 percent of the tax required to be shown on the return for the taxable year, and (2) $5,000.  Consequently, respondent has met the burden of production with regard to the penalty for 2006.

Section 6664(c) provides that no penalty shall be imposed under section 6662 with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion.  Petitioner failed to argue or offer evidence sufficient to show reasonable cause, substantial authority, or other basis for reducing the underpayment.  Thus, we find petitioner is liable for the accuracy-related penalty under section 6662 for 2006.

III. Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.[3]  The addition equals 5 percent of the net amount due for each month that the return is late, not to exceed 25 percent.  Sec. 6651(a)(1), (b)(1).

The parties stipulated that petitioner did not file her 2007 Federal income tax return; thus respondent has carried the burden of production under section 7491(c) with respect to the addition to tax under section 6651(a)(1).  Therefore, petitioner bears the burden of proving that her failure to file a return was due to reasonable cause and not due to willful neglect.  See Higbee v. Commissioner, supra at 446; Ruggeri v. Commissioner, T.C. Memo. 2008-300.

IV.  Section 6651(a)(2) Addition to Tax

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount shown as tax on the taxpayer's return on or before the date prescribed unless the taxpayer can establish that the

---

[3]If the Secretary makes a return for the taxpayer under sec. 6020(b), it is disregarded for purposes of determining the amount of the addition to tax under sec. 6651(a)(1), but it is treated as a return filed by the taxpayer for purposes of determining the amount of the addition to tax under sec. 6651(a)(2).  Sec. 6651(g).

failure is due to reasonable cause and not due to willful neglect.

The addition is calculated as 0.5 percent of the amount shown as tax on the tax return but not paid, with an additional 0.5 percent for each month or fraction thereof during which the failure to pay continues, up to a maximum of 25 percent.[4] If the amount required to be shown as tax on the return is less than the amount actually shown on the return, the addition to tax is calculated by reference to the lesser amount. Sec. 6651(c)(2). For purposes of computing the section 6651(a)(2) addition for any month, the amount of tax shown on the return is reduced by the amount of any part of the tax paid before the beginning of the month and by the amount of any credit against the tax which may be claimed on the return. Sec. 6651(b)(2).

The addition under section 6651(a)(2) applies only if an amount of tax is shown on a return. Wheeler v. Commissioner, 127 T.C. 200, 208 (2006), affd. 521 F.3d 1289 (10th Cir. 2008). Respondent submitted copies of an SFR prepared for petitioner that shows petitioner had no withholdings and failed to make any payment against her tax liability for 2007. This SFR meets the requirements of section 6020(b). See id. at 209. Although

---

[4]The amount of the addition to tax under sec. 6651(a)(2) reduces the amount of the addition to tax under sec. 6651(a)(1) for any month for which an addition to tax applies under both paragraphs. Sec. 6651(c)(1).

respondent conceded and stipulated that petitioner's deficiency for 2007 is smaller than originally determined on the basis of the SFR, petitioner made no payments against her tax liability that would offset the decreased addition to tax resulting from this decreased deficiency. Thus, respondent has produced sufficient evidence that petitioner is liable for the section 6651(a)(2) addition to tax for 2007 unless an exception applies. See Higbee v. Commissioner, supra at 446; Ruggeri v. Commissioner, supra.

V.   Exceptions to the Section 6651(a)(1) and (2) Additions to Tax

Reasonable cause is a defense to the section 6651(a)(1) and (2) additions to tax. To prove reasonable cause for a failure to timely file, the taxpayer must show that she exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time. Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. To prove reasonable cause for a failure to pay the amount shown as tax on a return, the taxpayer must show that she exercised ordinary business care and prudence in providing for payment of her tax liability and nevertheless was either unable to pay the tax or would suffer undue hardship if she paid the tax on the due date. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. The determination of whether reasonable cause exists is based on all the facts and circumstances. Estate of Hartsell v.

<u>Commissioner</u>, T.C. Memo. 2004-211; <u>Merriam v. Commissioner</u>, T.C. Memo. 1995-432, affd. without published opinion 107 F.3d 877 (9th Cir. 1997).

Petitioner contends that the difficult circumstances she experienced constituted reasonable cause for her failure to timely file a return and pay tax. Petitioner testified at length regarding her mother's medical situation and the impact on her family in 2006 and 2007. Despite petitioner's unfortunate circumstances, she produced no credible evidence indicating that the circumstances made her unable to prepare her 2007 return and pay her tax on the date it was due. While sympathetic to petitioner's situation, the Court concludes that the circumstances as described do not give rise to a reasonable cause defense for the particular year at issue.

Petitioner provided no evidence or testimony regarding her inability to pay the tax due or that she would have suffered undue hardship if she had paid the tax on the due date for the year at issue. Although petitioner testified regarding her mother's health and the conflicts with her sisters in 2006 and 2007, she earned income and conducted business during each year, as evidenced by her 2006 return and stipulations regarding 2007. The Court has consistently held that if a taxpayer is able to continue her business affairs despite an incapacity, then the incapacity does not establish reasonable cause. <u>Ruggeri v.</u>

Commissioner, T.C. Memo. 2008-300 (and cases cited therein); Hazel v. Commissioner, T.C. Memo. 2008-134; Jordan v. Commissioner, T.C. Memo. 2005-266 (and cases cited therein). Similarly, the Court has also held that a taxpayer's inability to meet her tax obligations when she can conduct normal business activities does not establish reasonable cause. Jordan v. Commissioner, supra; Wright v. Commissioner, T.C. Memo. 1998-224, affd. without published opinion 173 F.3d 848 (2d Cir. 1999); Tabbi v. Commissioner, T.C. Memo. 1995-463.

We conclude and hold that petitioner did not have reasonable cause for her failure to file a return and pay the tax for 2007. Accordingly, petitioner is liable for the section 6651(a)(1) addition to tax, insofar as the computations show that for any month petitioner had net amounts due with respect to 2007. Moreover, petitioner is liable for the addition to tax under section 6651(a)(2) for 2007, insofar as the computations show unpaid amounts of tax required to be shown on petitioner's return.

VI.  Section 6654 Addition to Tax

Section 6654(a) imposes an addition to tax on an underpayment of estimated income tax unless an exception applies. See sec. 6654(e).  The section 6654(a) addition to tax is determined by applying the underpayment rate established under

section 6621 to the amount of the underpayment[5] for the period of the underpayment.[6]  The addition to tax is also calculated with reference to four required installment payments of the taxpayer's estimated income tax.  Sec. 6654(c)(1); Wheeler v. Commissioner, 127 T.C. at 210.  Each required installment of estimated income tax is equal to 25 percent of the "required annual payment." Sec. 6654(d)(1)(A).  The required annual payment is generally equal to the lesser of:  (1) 90 percent of the tax shown on the taxpayer's return for the year (or 90 percent of the taxpayer's tax for the year if no return is filed); or (2) if the taxpayer filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return.  Sec. 6654(d)(1)(B); Wheeler v. Commissioner, supra at 210-211.  But if the taxpayer did not file a return for the preceding year, then clause (2) does not apply.  Sec. 6654(d)(1)(B).  A taxpayer has an obligation to pay estimated income tax for a particular year only if she had a "required annual payment" for that year.  Wheeler v. Commissioner, supra at 211.

---

[5]"[A]mount of the underpayment" means the excess of the required installment over the amount, if any, of the installment paid on or before the due date for the installment.  Sec. 6654(b)(1).

[6]The period of the underpayment runs from the due date for the installment to the earlier of the 15th day of the 4th month following the close of the taxable year or with respect to any portion of the underpayment, the date on which such portion is paid.  Sec. 6654(b)(2).

Petitioner was required to file her 2007 Form 1040 by April 15, 2008, but failed to do so. Respondent's burden of production under section 7491(c) with respect to the section 6654(a) addition to tax has been satisfied by proof at trial that petitioner has a Federal income tax liability for 2007 and petitioner made no estimated payments for the year. Thus, the addition to tax applies under section 6654(a) unless petitioner establishes that an exception applies.

Generally, no reasonable cause exception exists for the section 6654(a) addition to tax. Sec. 1.6654-1(a)(1), Income Tax Regs.; see also <u>Bray v. Commissioner</u>, T.C. Memo. 2008-113. But no addition to tax is imposed under section 6654(a) with respect to any underpayment if the Secretary determines that the taxpayer became disabled[7] either in the taxable year for which estimated income tax payments were required or in the preceding taxable year and the underpayment was due to reasonable cause and not willful neglect. Sec. 6654(e)(3)(B). Additionally, no addition to tax is imposed under section 6654(a) with respect to any

_____

[7]The term "disabled" includes a significant psychiatric disorder and mental incapacitation during the period under consideration, <u>Shaffer v. Commissioner</u>, T.C. Memo. 1994-618, or confinement to various hospitals for "severe mental illness", <u>Carnahan v. Commissioner</u>, T.C. Memo. 1994-163, affd. without published opinion 70 F.3d 637 (D.C. Cir. 1995); see also <u>Jones v. Commissioner</u>, T.C. Memo. 2006-176; <u>Meyer v. Commissioner</u>, T.C. Memo. 2003-12 (taxpayer's severe health problems and mental condition incapacitated him; thus, a sec. 6654(e) exception was applicable). In addition, the disability may constitute reasonable cause. <u>Jones v. Commissioner</u>, <u>supra</u>.

underpayment to the extent the Secretary determines that by reason of casualty, disaster, or other unusual circumstances the imposition of the addition to tax would be against equity or good conscience.  Sec. 6654(e)(3)(A).

Petitioner has not established a disability within the meaning of section 6654(e)(3)(B).  She also has not established a casualty, disaster, or other unusual circumstances for which the imposition of the section 6654(a) addition to tax would be against equity or good conscience.  Consequently, respondent's determination is sustained.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing and the concessions of the parties in docket No. 26727-09S,

<u>Decision will be entered for respondent in docket No. 23830-09S, and decision will be entered under Rule 155 in docket No. 26727-09S</u>.