T.C. Memo. 2016-227

UNITED STATES TAX COURT

CALVIN T. MORTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25651-13L.                          Filed December 14, 2016.

Calvin T. Morton, pro se.

<u>Jamie A. Schindler</u> and <u>Tracey B. Leibowitz</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  This case arises from a petition for judicial review filed

in response to a Notice of Determination Concerning Collection Action(s) Under

Section 6320 and/or 6330[1] (notice of determination) with respect to petitioner's

_____

    [1]  Unless otherwise indicated, all section references are to the Internal

                                                        (continued...)

[*2] Federal income tax liability for 2011. The issues for decision are:

(1) whether there was a valid assessment of tax for petitioner's 2011 taxable year; and, if so, (2) whether notice and demand for payment was sent to petitioner within 60 days of assessment; and (3) whether petitioner was improperly denied records of assessment.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated by this reference. At the time petitioner timely filed his petition, he resided in Montevideo, Uruguay.

Petitioner filed his Federal income tax return for 2011 on June 15, 2012. Petitioner reported a tax liability of $14,844. However, petitioner made a math error on his return. Consequently, respondent determined an additional math error liability of $6,109.52.[2]

---

[1](...continued)
Revenue Code in effect at all relevant times.

[2] Sec. 6213(b)(1) provides that the Commissioner may assess "an amount of tax in excess of that shown on the return" where the additional tax arises "on account of a mathematical or clerical error appearing on the return".

**[*3]** Respondent assessed petitioner's income tax liability for 2011 on July 16, 2012. The assessment of $20,953.52 included the tax reported by petitioner and the math error assessment.

On July 16, 2012, respondent mailed to petitioner a notice of balance due for 2011. On August 20, 2012, respondent mailed to petitioner a Notice CP 504, Notice of Intent to Levy. On November 5, 2012, respondent mailed to petitioner a Letter 1058, Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing. On November 15, 2012, respondent mailed to petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320.

Petitioner timely requested collection due process (CDP) hearings in response to the lien and levy notices. In his hearing requests petitioner alleged, among other things, that the filing of the notice of Federal tax lien was "premature or otherwise not in accordance with the Services [sic] administrative procedures". Petitioner also stated that he had not otherwise had an opportunity to dispute the tax liability and that he was challenging the appropriateness of the tax liability and the intended method of collection. Both cases were assigned to Settlement Officer Joe M. Breazeale, who conducted a consolidated CDP hearing.

During the CDP hearing petitioner abandoned many of the arguments in his CDP request, and he did not propose collection alternatives. He did, however,

[*4] state in a letter that he disputed the "[a]dministrative procedures followed in the filing of * * * liens and/or levy's [sic]".

Settlement Officer Breazeale responded with a letter stating that if petitioner disputed his liability or method of collection, he needed to provide more specific information or the basis for his dispute. Settlement Officer Breazeale also stated that if petitioner wanted him to consider a collection alternative, petitioner had to provide documents and information, including (1) verification of what happened to a withdrawal of $1,373,000 from his IRA; (2) verification that his estimated tax payments were paid and current; (3) a signed copy of his 2007 return and proof that his 2012 return had been filed; (4) a Form 433A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting documentation; and (5) a Form 433B, Collection Information Statement for Businesses, with supporting documentation. Settlement Officer Breazeale set a deadline of July 15, 2013, for petitioner to provide the requested information. Settlement Officer Breazeale never received the requested information.

Settlement Officer Breazeale recommended sustaining the lien and levy and prepared the notice of determination.[3] Respondent issued the notice of

---

[3] Before preparing the notice of determination, Settlement Officer Breazeale reviewed all the information available to him and concluded that (1) all

(continued...)

[*5] determination on September 30, 2013, sustaining the lien and levy. Petitioner timely petitioned the Court for review.

Before trial, counsel for respondent provided petitioner Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for the tax years 2007 through 2013. Petitioner had not requested records of assessment during his CDP hearing.

OPINION

I.    Jurisdiction and Standard of Review

Sections 6321 and 6323 impose a valid lien for unpaid Federal taxes which arises when an assessment is made. Sec. 6322. The Secretary must notify the taxpayer in writing of the filing of a notice of lien and, among other things, the taxpayer's right to request a hearing on the matter. Sec. 6320(a). Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after notice and demand for payment is made. Section 6331(d) requires that the Secretary give written notice to the taxpayer of his intent to levy, and section 6330(a) requires the

---

[3](...continued)
requirements of applicable law and administrative procedure were met, (2) issues raised by petitioner were considered, and (3) the collection action balanced the need for efficient collection of taxes with petitioner's concern that the collection be no more intrusive than necessary.

[*6] Secretary to send the taxpayer written notice of his right to a hearing before Appeals at least 30 days before any levy begins. To the extent practicable, a hearing pursuant to section 6320 may be held in conjunction with a hearing held pursuant to section 6330. Sec. 6320(b)(4).

If the taxpayer requests a hearing in response to either a notice of Federal tax lien filing or a notice of intent to levy, he may raise at the hearing any relevant issue as to the propriety of the proposed collection action, such as spousal defenses, challenges to the collection action, and offers of collection alternatives. Sec. 6330(c)(2)(A); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000). A taxpayer may also challenge the existence or amount of the underlying tax liability if the taxpayer did not receive a statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

The Appeals officer must make a determination about whether to uphold the collection action, taking into consideration: (1) verification that the requirements of any applicable law or administrative procedure have been met, (2) relevant issues raised at the hearing, and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the taxpayer's

**[\*7]** legitimate concern that any collection action be no more intrusive than necessary.  Sec. 6330(c)(1), (2), and (3).

A taxpayer may petition the Court under section 6330(d) to review Appeals' determination.  Where the validity of the underlying tax liability is properly at issue, we review the tax liability de novo.  Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  The Court reviews other administrative determinations of Appeals for abuse of discretion.  Craig v. Commissioner, 119 T.C. 252, 260 (2002) (citing Sego v. Commissioner, 114 T.C. at 610).  An abuse of discretion occurs when Appeals' determination is arbitrary, capricious, or without sound basis in fact or law.  See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Freije v. Commissioner, 125 T.C. 14, 23 (2005).

In his petition and on brief petitioner sets forth several arguments that the settlement officer did not properly verify that the requirements of applicable law and administrative procedure were met.  We address each of petitioner's arguments in turn.

II.    Timely Assessment

Petitioner first argues that the settlement officer should have found that the entire assessment for 2011 was invalid because it was untimely.  Petitioner cites

[*8] section 6501[4] and asserts that the assessment was not made within the required three-year period after he filed his return.

Petitioner filed his 2011 return on June 15, 2012. Petitioner argues that the assessment was made on November 20, 2015, the date appearing on the signed Form 4340 he received from respondent's counsel. If petitioner is correct, then the assessment would have been made over three years after the return was filed. Respondent, however, argues that assessment was made on July 16, 2012, the date of assessment shown on the Form 4340. We agree with respondent.

Regulations state that an assessment of Federal tax is made by an assessment officer's signing the summary record of assessment. See sec. 301.6203-1, Proced. & Admin. Regs. The summary record of assessment may be made either on an IRS Form 23C, Assessment Certificate-Summary Record of Assessments, or on its computer-generated equivalent, the Revenue Accounting Control System Report 006. See, e.g., March v. IRS, 335 F.3d 1186, 1188 (10th Cir. 2003); Roberts v. Commissioner, 118 T.C. 365, 370-371 (2002), aff'd, 329 F.3d 1224 (11th Cir. 2003). Therefore, an assessment is made when the summary

---

[4] Sec. 6501 provides that except as otherwise provided "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed * * * and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period."

[*9] record of assessment is signed, not when the Form 4340 is signed. See

Nicklaus v. Commissioner, 117 T.C. 117, 121 (2001).

The Form 4340 is simply a literal transcript, generated on a specific date, containing tax data from an IRS master file associated with a particular taxpayer. Hazel v. Commissioner, T.C. Memo. 2008-134; Bowman v. Commissioner, T.C. Memo. 2007-114, aff'd, 285 F. App'x 309 (8th Cir. 2008); see also Armstrong v. Commissioner, T.C. Memo. 2002-224. However, Forms 4340 "are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made." Gentry v. United States, 962 F.2d 555, 557 (6th Cir. 1992); see also Davis v. Commissioner, 115 T.C. 35, 40 (2000); McIntosh v. Commissioner, T.C. Memo. 2003-279.

Petitioner has not shown any irregularity in respondent's assessment procedures that raises a question regarding the validity of the 2011 assessment as reflected on the Form 4340. Therefore, we rely on the Form 4340 and we find that the assessment for petitioner's 2011 taxable year was made on July 16, 2012. Because the assessment occurred just over a month after petitioner's return was filed, we find that the assessment was timely and within the three-year period of limitations provided by section 6501.

**[\*10]** III.     Notice and Demand for Payment

Petitioner's next argument is that notice and demand for payment was not sent to him as required under section 6303.

Section 6303(a) provides that a taxpayer shall be given notice and demand for payment within 60 days after an assessment is made.  We determined supra p. 9 that assessment was made on July 16, 2012.  Therefore we must determine whether notice and demand was issued within 60 days of that date.

Proof that notice and demand was sent to a taxpayer's last known address is sufficient to satisfy the requirements of section 6303, and there is no requirement that the Commissioner prove receipt of such a notice.  See United States v. Chila, 871 F.2d 1015, 1019 (11th Cir. 1989); Pursifull v. United States, 849 F. Supp. 597, 601 (S.D. Ohio 1993), aff'd, 19 F.3d 19 (6th Cir. 1994).  If a taxpayer fails to present evidence that notice and demand was not issued as reflected on a Form 4340 or if a taxpayer fails to show error or irregularity with a Form 4340, then the Court can presume notice and demand was issued as reflected on the Form 4340. See Battle v. Commissioner, T.C. Memo. 2009-171; see also Chila, 871 F.2d at 1019 (holding that a certificate of assessment reflecting that notice and demand was sent is presumptive evidence unless the taxpayer can affirmatively establish notice and demand was not sent).

[*11] The Form 4340 for the year at issue shows that notice and demand was issued to petitioner on July 16, 2012.[5] Petitioner has failed to present any credible evidence that the notice and demand was not issued as reflected on the Form 4340, and he has failed to show error or irregularity in the Form 4340. Therefore, we presume that the Form 4340 is correct and hold that notice and demand was properly issued to petitioner on July 16, 2012, which is within 60 days of assessment.

IV.    Request for Records of Assessment

Petitioner's final argument is that collection actions cannot proceed because petitioner was improperly denied records of assessment he allegedly requested.

In support of his argument, petitioner cites section 6203, which provides: "The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment."

---

[5] Specifically, the Form 4340 shows that the IRS sent petitioner a notice of balance due. We have previously held that a notice of balance due constitutes a notice and demand for payment under sec. 6303. Craig v. Commissioner, 119 T.C. 252, 262-263 (2002); Coleman v. Commissioner, T.C. Memo. 2002-132.

[*12] When a taxpayer requests a copy of the record of assessment under section 6203, the Commissioner need not furnish the taxpayer with any specific form or document. Battle v. Commissioner, T.C. Memo. 2009-171, slip op. at 12 (citing section 301.6203-1, Proced. & Admin. Regs., and Roberts v. Commissioner, 329 F.3d 1224, 1228 (11th Cir. 2003), aff'g 118 T.C. 365 (2002)). The Commissioner may choose among documents so long as the form used identifies the taxpayer and states the character of the liabilities assessed, the tax period giving rise to the assessment, the amount of the assessment, and the date of the assessment. Id. The Commissioner meets his obligation to furnish a requesting taxpayer the record of assessment if he furnishes him a Form 4340 that reports the information described in section 301.6203-1, Proced. & Admin. Regs. See Tucker v. Commissioner, T.C. Memo. 2012-30, slip op. at 8 ("A taxpayer receiving a copy of Form 4340 has been provided with all the documentation to which he or she is entitled under section 6203 [and section 301.6203-1, Proced. & Admin. Regs.]."), aff'd, 506 F. App'x 166 (3d Cir. 2012); see also, e.g., Roberts v. Commissioner, 329 F.3d at 1228; Koff v. United States, 3 F.3d 1297, 1298 (9th Cir. 1993).

We find that petitioner was not improperly denied his records of assessment. First, there is no evidence in the record showing petitioner even requested records of assessment during his CDP hearing. Second, respondent furnished petitioner

[*13] Forms 4340 containing all of the pertinent information before trial. While those forms were furnished by respondent only after Settlement Officer Breazeale concluded petitioner's hearing and Appeals made its determination, we find no error. We have previously held that no purpose would be served by remanding a case to Appeals in order to have the Appeals officer provide the taxpayer with a second copy of the taxpayer's Form 4340 when the Appeals officer had not provided the taxpayer with a copy during his CDP hearing but the Commissioner provided him with one after the hearing and before trial of the case. Best v. Commissioner, T.C. Memo. 2014-72, at *13 (citing Nestor v. Commissioner, 118 T.C. 162, 167 (2002)).

We also hold that respondent's determination to proceed with collection for 2011 was not an abuse of discretion, and we sustain the filing of the notice of Federal tax lien and the proposed levy.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.